UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUBEN CALAS, individually and on
behalf of other persons similarly
situated,

    Plaintiff,

v.                                                Case No. 6:11-cv-404-Orl-JA-TBS

G.D.D. ASSOCIATES, INC., a Florida
corporation, and JOSEPH GOWRAN,
individually,

    Defendants.

## ORDER

Pending before the Court is the parties' Joint Motion for Approval of Settlement. (Doc. 34). The parties request that the Court approve their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. As explained herein, the Undersigned is unable to offer a recommendation to the District Judge that the settlement agreement be approved. However, rather than recommend that the District Judge reject the parties' proposed settlement outright, this Court will outline its concerns and provide the parties an opportunity to file a revised proposed settlement agreement on or before July 31, 2012.

### I. Background

On March 17, 2011, Plaintiff filed an action in federal court against his former employers G.D.D. Associates, Inc. and Joseph Gowran for the recovery of unpaid overtime compensation and liquidated damages. (Doc. 1 ¶¶ 16-19). Plaintiff alleges he was an hourly paid employee who worked as an insurance premium auditor and

Defendants "failed to credit [him] and other similarly situated employees with time-and-a-half wages for all hours worked . . . in excess of forty (40) hours per work week during one or more weeks[.]" (Id. ¶¶ 10-12). Defendants admit they employed Plaintiff as an insurance premium auditor, but deny his allegations concerning overtime compensation. (Doc. 9 ¶¶ 2, 16-21). Now, the parties represent that they have reached an agreement to resolve their dispute. (Doc. 34).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The Court's assessment of fairness is guided by prevailing case law in this jurisdiction,

including Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).  The Court has reviewed the terms of the settlement agreement and concludes that the release clause offends the principles of the FLSA.  Additionally, the Court expresses some concern that Plaintiff is not due to receive any financial compensation from the settlement.

    A. Pervasive Release

District courts have found that the scope of a pervasive release–that is, the release from any claims "known and unknown," or " past, present and future," or "statutory or common law"–is unfair and inconsistent with the aims of the FLSA. Moreno, 729 F. Supp. 2d at 1352-53 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Consequently, an FLSA settlement agreement "that contains a pervasive release of unknown claims fails judicial scrutiny."  Id. at 1352.

The release at paragraph 4 of the parties' settlement agreement is the type of pervasive release district courts have found to be in contravention of the objectives of the FLSA.   If enforceable, the release would bar Plaintiff from asserting claims he may not currently have knowledge of and which are wholly unrelated to his FLSA claim.  If the parties intend to keep this provision in the settlement agreement, they should explain the value of the release (in dollars), how that value is determined, and why it is fair and reasonable.

    B. Plaintiff's Compensation Compromise

The Court is concerned that under the parties' settlement Plaintiff is not due to receive any financial compensation.  If the parties have agreed to this outcome, they

3

should explain (a) the reason why Plaintiff is not due to receive any funds and (b) why this constitutes a fair and reasonable compromise of Plaintiff's FLSA claim. See <u>Hogan v. Allstate Beverage Co.</u>, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011) (The general rule is that "the FLSA's provisions are mandatory" and that an employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." ); <u>see also</u> <u>Dees v. Hydradry</u>, 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010) (internal quotations omitted) (The Eleventh Circuit permits a plaintiff to compromise an FLSA claim "if the district court determines that the compromise is a fair and reasonable resolution of a bona fide dispute[.]"); <u>Merriweather v. Latrese & Kevin Enters.</u>, No. 3:08-cv-836-J-32-TEM, 2011 U.S. Dist. LEXIS 25224, at *3 (M.D. Fla. Jan. 31, 2011) ("[I]n any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of Lynn's Food Stores.") (emphasis in original).

The settlement agreement makes reference to a "Settlement Payment." (Doc. 34-1 ¶ 11). The Court is unable to reconcile this reference with the parties' declaration that Plaintiff will not receive any monetary compensation from the settlement. Accordingly, the undersign directs the parties to explain to the Court the nature of the "settlement payment" and it's relationship to Plaintiff's claim compromise.

### III. Conclusion

Upon consideration of the foregoing, the undersigned cannot recommend that the settlement agreement be approved. Rather than recommend that the District Judge reject the parties' proposed settlement outright, this Court will grant the parties leave to file a revised proposed settlement agreement and supplemental briefing on or before

4

July 31, 2012, taking into consideration the Court's concerns set forth in section II, <u>supra</u>.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on July 17, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to all Counsel of Record