UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUBEN CALAS,

    Plaintiff,

v.                                            Case No: 6:11-cv-404-Orl-28TBS

G.D.D. ASSOCIATES, INC. and JOSEPH GOWRAN,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Second Amended Stipulation of Dismissal with Prejudice, which the Court will construe as an Amended Joint Motion for Approval of FLSA Settlement. (Doc. 44). The parties request that the Court approve their proposed settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. Upon consideration of the motion, the Settlement Agreement (Doc. 44-1), and for the reasons set forth at the oral argument held before me on September 13, 2012, I respectfully recommend that the motion be GRANTED.

### I. Background

On March 17, 2011, Ruben Calas ("Plaintiff") filed an action in federal court against his former employers G.D.D. Associates, Inc. and Joseph Gowran for the recovery of unpaid overtime compensation and liquidated damages. (Doc. 1 ¶¶ 16-19). Plaintiff alleges he was an hourly paid employee who worked as an insurance premium auditor

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

and Defendants "failed to credit [him] and other similarly situated employees with time-and-a-half wages for all hours worked . . . in excess of forty (40) hours per work week during one or more weeks[.]" (Id. ¶¶ 10-12). Defendants admit that they employed Plaintiff as an insurance premium auditor but deny his allegations concerning overtime compensation. (Doc. 9 ¶¶ 2, 16-21). On June 18, 2012, the parties notified the Court that they had reached an agreement to resolve the dispute. (Doc. 34). The Court advised the parties that the settlement agreement was insufficient and directed supplemental filing. (Docs. 36, 38). The parties requested a hearing (Doc. 39) and the Court heard oral argument on the matter on September 13, 2012. (Doc. 42). On September 21, 2012, the parties filed the Second Amended Stipulation of Dismissal that is currently before the Court for consideration. (Doc. 44).

## II. Discussion

The Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may

approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. In the joint stipulation, the parties explain that

> 3. After conducting discovery, Plaintiff has acknowledged that he is unable to articulate any hours he worked for which he was not compensated, and cannot prove his claim.
>
> 4. Plaintiff recognizes Defendants may have a claim for costs. However, Defendants have agreed to waive any claim for costs or attorney's fees.
>
> 5. In consideration of this waiver, Plaintiff has agreed to dismiss his claim for unpaid overtime, and sign a limited release of that claim. A copy of the release is attached [to the stipulation].
>
> 6. The parties represent that based on the foregoing, neither Plaintiff nor his counsel is receiving any monetary consideration to resolve this alleged claim.

(Doc. 44). Upon due consideration of these representations, which were also made to me at the hearing, I find that the Settlement Agreement represents a reasonable compromise of Plaintiff's FLSA claim.

### III. Recommendation

Accordingly, I respectfully recommend that:

1. The Second Amended Stipulation of Dismissal with Prejudice, which the Court will construe as an Amended Joint Motion for Approval of FLSA Settlement, be **APPROVED** by the district court to the parties of this action.

2. Each party bear his own attorney's fees and costs, as the parties have stipulated. (Doc. 44-1 at 3).

3. The original Motion to Approve Settlement Agreement (Doc. 34) and the first Amended Stipulation of Dismissal with Prejudice (Doc. 37) be **DENIED AS MOOT**.

4. Plaintiff's claim be **DISMISSED WITH PREJUDICE**.

5. The Clerk be directed to **CLOSE** the file.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on September 27, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Presiding United States District Judge
Counsel of Record

- 4 -